**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JESSE WILLIAM BETHEL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 5770 |
| | ) | |
| **THOMAS J. DART,** etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

Jesse William Bethel ("Bethel") has utilized the form of 42 U.S.C. § 1983 ("Section 1983") Complaint provided by the Clerk's Office for use by pro se plaintiffs who are prisoners in some correctional facility, claiming that the medical department at the Cook County Department of Corrections ("County Jail", where Bethel is in custody) had assertedly violated his constitutional rights. Bethel has accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"). Although this sua sponte special memorandum order identifies more problems with Bethel's lawsuit that you can shake a stick at, this sua sponte threshold memorandum order opts for a basis of disposition that spares Bethel the obligation to pay the $350 filing fee prescribed by 28 U.S.C. § 1915 ("Section 1915").

In the latter respect the Application is deficient, not in terms of Bethel's showing of his financial inability to pay the filing fee, but because it is not accompanied by the printout of transactions in Bethel's trust fund account at the County Jail that Section 1915(a)(2) requires. That being so, this Court cannot make the calculation called for by Section 1915(b).

As for the Motion, it too is deficient, this time because Bethel has not answered the question in the form as to efforts that he has made to obtain counsel on his own -- a requirement

that our Court of Appeals imposes before consideration may be given to the designation of a member of this District Court's trial bar to represent an indigent plaintiff pro bono publico.  And to provide a third strike in the litigation game in which even one strike is out, Bethel has also provided no showing as to his exhaustion of available administrative remedies that 42 U.S.C. § 1997e(a) makes a precondition to the filing of such prisoner litigation.

But most important from a substantive point of view is that Bethel has not advanced anything that could even arguably qualify as the deprivation of a constitutional right, the ticket to entry into the federal courthouse demanded by Section 1983.  With the gravamen of Bethel's Complaint being the asserted medical mishandling of a cut finger that Bethel sustained in the course of his work in the kitchen at the County Jail, the worst that can be said of that claimed mishandling is that it amounted to common-law medical malpractice -- clearly not the indifference (or worse) to serious medical needs that the seminal opinion in Estelle v. Gamble, 429 U.S. 97 (1976) and its progeny have set as the threshold for potential Section 1983 liability.

Accordingly both Bethel's Complaint and this action are dismissed for lack of federal judgment matter jurisdiction,[1] so that both the Application and Motion are rendered moot. Bethel should count himself fortunate, because this dismissal has enabled him to dodge the Section 1915 bullet of liability for payment of the $350 filing fee in future installments.

_____

Milton I. Shadur
Date:  July 30, 2014              Senior United States District Judge

_____

[1]  Diversity of citizenship, the other potential basis for a federal lawsuit where no deprivation of constitutional rights is implicated, is obviously lacking.